# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JEFFERY DEPAUL LEE,**

    **Petitioner,**

v.                                      Case No. 20-CV-766

**DYLON RADTKE,**

    **Respondent.**

## RULE 4 ORDER

Jeffery Depaul Lee, who is currently incarcerated at the Green Bay Correctional Institution, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket # 1.) Lee has paid the $5.00 filing fee and his petition is ready for screening in accordance with Rule 4 of the Rules Governing Section 2254 Cases. Under Rule 4, I must dismiss a petition summarily if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." During this initial review, I determine whether the petitioner has set forth cognizable constitutional or federal law claims and exhausted available state remedies.

Construing Lee's *pro se* petition broadly, Lee alleges violation of his right to due process by the improper introduction of other-acts evidence and erroneous jury instructions, as well as an unconstitutionally harsh and excessive sentence. (Docket # 1 at 6–8.) These are cognizable constitutional claims. The state court decisions Lee attaches to his petition analyze these claims under state law, raising a question whether Lee properly exhausted or procedurally defaulted the constitutional claims. However, at this stage, I cannot say that Lee

is plainly not entitled to relief. Thus, summary dismissal under Rule 4 is not appropriate and the respondent will be called upon to serve and file an answer, motion, or other response to the petition for a writ of habeas corpus.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT** a copy of Lee's petition and this order shall be served upon the respondent by service upon the State of Wisconsin Attorney General.

**IT IS FURTHER ORDERED THAT** the respondent is directed to serve and file an answer, motion, or other response to the petition, complying with Rule 5 of the Rules Governing Habeas Corpus Cases, within **SIXTY (60)** days of the date of this order.

**IT IS FURTHER ORDERED THAT** unless the respondent files a dispositive motion in lieu of an answer, the parties shall abide by the following schedule regarding the filing of briefs on the merits of the petitioner's claim:

1. The petitioner shall have **forty-five (45)** days following the filing of the respondent's answer within which to file his brief in support of his petition;

2. The respondent shall have **forty-five (45)** days following the filing of the petitioner's brief within which to file a brief in opposition. If petitioner does not file a brief, the respondent has forty-five (45) days from the due date of the petitioner's brief to file her brief; and

3. The petitioner shall have **thirty (30)** days following the filing of the respondent's opposition brief within which to file a reply brief, if any.

In the event that respondent files a dispositive motion and supporting brief in lieu of an answer, this briefing schedule will be suspended and the briefing schedule will be as follows:

1. The petitioner shall have **forty-five (45) days** following the filing of the respondent's dispositive motion and supporting initial brief within which to file a brief in opposition;

2. The respondent shall have **thirty (30) days** following the filing of the petitioner's opposition brief within which to file a reply brief, if any.

Pursuant to Civil L.R. 7(f), the following page limitations apply: briefs in support of or in opposition to the habeas petition or a dispositive motion filed by the respondent must not exceed thirty (30) pages and reply briefs must not exceed fifteen (15) pages, not counting any statements of facts, exhibits, and affidavits.

Dated at Milwaukee, Wisconsin this 22nd day of June, 2020.

BY THE COURT:

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge

3

Case 2:20-cv-00766-NJ   Filed 06/22/20   Page 3 of 3   Document 5