# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JEFFERY DEPAUL LEE,

    Petitioner,

    v.                                                     Case No. 20-CV-766

DYLON RADTKE,

    Respondent.

## DECISION AND ORDER DENYING PETITION FOR
## WRIT OF HABEAS CORPUS

    Jeffery Depaul Lee, who is currently incarcerated at the Green Bay Correctional Institution, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Habeas Petition, Docket # 1.) Lee was convicted of one count of first-degree sexual assault of a child.[1] (Judgment of Conviction, Answer, Ex. 1, Docket # 9-1.) He was sentenced to sixty years of incarceration, consisting of forty years of initial confinement followed by twenty years of extended supervision. (*Id.*) Lee alleges that his conviction and sentence are unconstitutional. For the reasons stated below, the petition for writ of habeas corpus will be denied and the case dismissed.

## BACKGROUND

    As summarized by the Wisconsin Court of Appeals, Lee was charged in Milwaukee County Circuit Court with one count of first-degree sexual assault of a child under the age of

---

[1] A jury convicted Lee of one count of repeated sexual assault of a child; however, the judgment of conviction erroneously states that Lee was convicted of one count of first-degree sexual assault of a child, despite the trial court's order that the judgment of conviction be amended to conform to the verdict. (Answer to Habeas Petition, Ex. 3, Docket # 9-3 at 38–39.)

12. (*State v. Lee*, Appeal No. 2018AP1507, Answer, Ex. 6, Docket # 9-6.) The charge stemmed from allegations made by J.M.L. that when she was six years old, Lee sexually assaulted her 10 to 20 times while she attended the daycare of her great-aunt, Lee's then-girlfriend. (*Id.* at 2.)

Prior to trial, the State sought to introduce evidence that Lee had previously sexually assaulted several minor children of women whom he had dated. (*Id.*) Specifically, the State sought to admit the following evidence: 1) a previous conviction for repeated sexual assault of a child, "Child 1," in Milwaukee County Circuit Court Case No. 2008CF3993; 2) allegations of sexual assault by Child 1's older sister, "Child 2," that were also charged in Case No. 2008CF3993 but later dismissed and read in; 3) allegations of sexual assault by "Child 3"; 4) allegations of sexual assault by "Child 4"; and 5) allegations of sexual assault by "Child 5," Child 4's younger sister. (*Id.* at 2–3.)

The trial court granted the State's motion to introduce the evidence. (*Id.* at 4.) The trial court explained that there were similarities in age, circumstances, and conduct between the allegations of J.M.L. and Child 1, Child 2, and Child 3. (*Id.*) Further, the trial found that while Child 4 was older than the other children at issue, the alleged conduct was similar and Lee was in a relationship with Child 4's mother during the time of the alleged assault. (*Id.*) Finally, as to Child 5, the trial court found that the alleged conduct differed from the other children but noted that there was a "presence of overt sexual acts." (*Id.* at 5.)

At trial, the State introduced other acts evidence related to each of the five children. (*Id.* at 5.) As to Child 1, the State introduced the criminal complaint, amended information, and the criminal court record also known as the judgment roll in Case No. 2008CF3993;

2

Child 1's medical records from a sexual assault treatment center and a hospital; and testimony from Sergeant Colleen Sturma regarding her investigation into the allegations made by Child 1 and Child 2 against Lee. (*Id.*) As to Child 2, the State introduced the criminal complaint and judgment roll in Case No. 2008CF3993; Child 2's medical records from a sexual assault treatment center; and Sergeant Sturma's testimony regarding her investigation into Lee. (*Id.* at 6.) Lee's trial counsel objected to the admission of all the evidence regarding Child 1 and Child 2; these objections were overruled. (*Id.* at 6, 7.) As to Child 3, Child 4, and Child 5, the State asked Lee on cross-examination whether he was aware of their allegations against him. (*Id.* at 6–7.) Lee's trial counsel did not object to this line of questioning. (*Id.*)

At the close of evidence, the trial court instructed the jury regarding the other acts evidence introduced against Lee as follows:

> Evidence has been received that Jeffrey [sic] Lee has been convicted of repeated sexual assault of a child relating to [Child 1]. Additional evidence was presented regarding the defendant's conduct in having sexual contact with . . . [Child 1] and/or others. The evidence of the conviction and evidence of the conduct are separate and may be considered for separate purposes.
>
> With respect to the evidence of the conviction, based on this evidence, you may, but are not required to, conclude that the defendant has a certain character. Based on this evidence you may also conclude, but are not required to, that the defendant acted in conformity with that character with respect to the offense charged in this case. You should give this evidence the weight you believe it is entitled to receive.
>
> With respect to the evidence presented regarding the defendant's conduct in having sexual contact with [Child 1], [Child 2] and/or others, if you find that this conduct did occur, you may only consider it on the issues of motive, lack of mistake and intent.

(*Id.* at 8.) After defining the terms "motive," "lack of mistake," and "intent," the trial court further instructed the jury that:

3

> With respect to the evidence presented regarding the conduct involving [Child 1], [Child 2] or others, you may not consider this evidence to conclude that the defendant has a certain character or a certain character trait and that the defendant acted in conformity with that trait or character with respect to the offenses charged in this case.
>
> You may consider the evidence only for the purposes I have described, giving it the weight you determine it deserves. The evidence of the conviction and/or the evidence of the conduct are not to be used to conclude that the defendant is a bad person and for that reason guilty of the offense charged. Before you may find the defendant guilty of the offense charged in this case, the State must satisfy you beyond a reasonable doubt that the defendant is guilty based on all the evidence.

(*Id.*) During deliberations, the jury requested to see Lee's plea agreement and the judgment roll in Case No. 2008CF3993. (*Id.*) The trial court allowed the jury to see the plea agreement with the maximum sentence redacted and, over trial counsel's objection, the judgment roll with some redactions. (*Id.* at 9.)

The jury found Lee guilty. (*Id.*) Lee filed a post-conviction motion to vacate or modify his sentence, arguing that: (1) the other acts evidence was not relevant or properly admitted; 2) the jury instructions regarding the use of the other acts evidence were confusing and unduly prejudicial; and (3) his sentence was unduly harsh and excessive. (*Id.*) The trial court denied his motion without a hearing. (*Id.*) Lee appealed to the court of appeals, which affirmed.

The court of appeals found that the admission of the other acts evidence with respect to Child 1 and Child 2, namely the criminal complaint and judgment roll from Case No. 2008CF3993, certified medical records, and the reading of the children's statements within the medical records, were not erroneously provided to the jury. (*Id.* at 12.) As to Child 3, Child 4, and Child 5, the court of appeals found that the State relied on "textbook hearsay" when it asked Lee if he was aware of each child's allegations and thus the testimony was

4

improperly admitted; however, the court of appeals found that the error was harmless because the trial record as a whole established that the jury would have found Lee guilty even if the improper hearsay evidence had not been admitted. (*Id.* at 14–16.) The court of appeals further found that because trial counsel did not object to the instructions regarding the use of other acts evidence at the jury instructions conference, the argument was waived and not preserved for appeal. (*Id.* at 18.) Finally, the court of appeals found that the trial court clearly considered the relevant sentencing factors and given Lee's criminal history and the seriousness of his conviction, the imposition of the maximum sentence was not excessive. (*Id.* at 20.) The Wisconsin Supreme Court denied Lee's petition for review. (Answer, Ex. 8, Docket # 9-8.)

**STANDARD OF REVIEW**

Lee's petition is governed by the Antiterrorism and Effective Death Penalty Act ("AEDPA"). Under AEDPA, a writ of habeas corpus may be granted if the state court decision on the merits of the petitioner's claim (1) was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," 28 U.S.C. § 2254(d)(1); or (2) "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(2).

A state court's decision is "contrary to . . . clearly established Federal law as established by the United States Supreme Court" if it is "substantially different from relevant [Supreme Court] precedent." *Washington v. Smith*, 219 F.3d 620, 628 (7th Cir. 2000) (quoting *Williams v. Taylor*, 529 U.S. 362, 405 (2000)). The court of appeals for this circuit recognized the narrow application of the "contrary to" clause:

5

> [U]nder the "contrary to" clause of § 2254(d)(1), [a court] could grant a writ of habeas corpus . . . where the state court applied a rule that contradicts the governing law as expounded in Supreme Court cases or where the state court confronts facts materially indistinguishable from a Supreme Court case and nevertheless arrives at a different result.

*Washington*, 219 F.3d at 628. The court further explained that the "unreasonable application of" clause was broader and "allows a federal habeas court to grant habeas relief whenever the state court 'unreasonably applied [a clearly established] principle to the facts of the prisoner's case.'" *Id.* (quoting *Williams*, 529 U.S. at 413).

To be unreasonable, a state court ruling must be more than simply "erroneous" and perhaps more than "clearly erroneous." *Hennon v. Cooper*, 109 F.3d 330, 334 (7th Cir. 1997). Under the "unreasonableness" standard, a state court's decision will stand "if it is one of several equally plausible outcomes." *Hall v. Washington*, 106 F.3d 742, 748–49 (7th Cir. 1997). In *Morgan v. Krenke*, the court explained:

> Unreasonableness is judged by an objective standard, and under the "unreasonable application" clause, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable."

232 F.3d 562, 565–66 (7th Cir. 2000) (quoting *Williams*, 529 U.S. at 411), *cert. denied*, 532 U.S. 951 (2001). Accordingly, before a court may issue a writ of habeas corpus, it must determine that the state court decision was both incorrect and unreasonable. *Washington*, 219 F.3d at 627.

## ANALYSIS

Lee argues three grounds for relief in his habeas petition: (1) that the other acts evidence introduced at trial was not relevant and improperly admitted; (2) that the jury

6

instructions regarding the use of other acts evidence were contradictory and confusing to the jury; (3) and that his sentence was unduly harsh and excessive. I will address each argument in turn.

   1. *Grounds One and Two*

In his grounds one and two for habeas relief, Lee challenges the admission of other acts evidence and the jury instructions regarding other acts evidence at trial, respectively. (Docket # 1 at 6–7.) As an initial matter, the respondent argues that these two grounds allege court error in applying state law and thus are not cognizable federal constitutional claims for the purpose of habeas review. (Respondent's Br. at 9–11, Docket # 16.)

"[E]rrors of state law in and of themselves are not cognizable on habeas review." *Perruquet v. Briley*, 390 F.3d 505, 511 (7th Cir. 2004). Rather, a habeas petitioner must assert that his custody violates the Constitution or law or treaties of the United States. *See* 28 U.S.C. § 2254(a). "Because a state trial court's evidentiary rulings and jury instructions turn on state law, these are matters that are usually beyond the scope of federal habeas review." *Id.* However, a state trial court error may constitute a violation of a criminal defendant's due process right to a fair trial if the error was "so serious as to render it likely that an innocent person was convicted." *Id.* at 510.

As to ground one, Lee asserts in his petition that the probative value of the other acts evidence admitted at trial was "completely outweighed" by the prejudicial effect on his right to a fair trial. (Habeas Petition at 6–7.) Even though Lee references the denial of a right to a fair trial in making this argument, in his supporting brief, Lee relied solely on state law to argue that the Wisconsin Court of Appeals erred in finding evidence related to Child 1 and

7

Child 2 admissible and in categorizing the inadmissible hearsay evidence regarding Child 3, Child 4, and Child 5 as harmless error. (Petitioner's Br. at 8–12, Docket # 13.) Because Lee frames his challenge to the admission of the other acts evidence as an issue of state law, ground one is not cognizable on habeas review.

As to ground two, Lee's petition and supporting brief similarly do not draw "enough of a connection" between his due process right to a fair trial and the trial court's alleged error in instructing the jury to render this claim cognizable on habeas review. *See Perruquet*, 390 F.3d at 512. Lee does not assert in his petition that the jury instructions regarding the use of other acts evidence violated his right to a fair trial. And, in his supporting brief, Lee simply concludes without further explanation that the confusing nature of the jury instructions resulted in him being denied a fair trial. (Petitioner's Br. at 14.) Even giving Lee's habeas petition liberal construction, he has not asserted a due process claim cognizable on habeas review.

Moreover, even if Lee had presented cognizable habeas claims in his first two grounds for relief, these grounds have been procedurally defaulted because Lee failed to fairly present them as federal constitutional claims in state court. A federal court may not entertain a petition from a prisoner being held in state custody unless the petitioner has exhausted his state remedies. 28 U.S.C. § 2254(b)(1)(a). Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas corpus is the duty to fairly present his federal claims to the state courts. *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004).

For a constitutional claim to be fairly presented to a state court, both the operative facts and the controlling legal principles must be submitted to that court. *Verdin v. O'Leary*, 972 F.2d 1467, 1474 (7th Cir. 1992). Four factors bear upon whether the petitioner has fairly presented the claim in state court: (1) whether the petitioner relied on federal cases that engage in constitutional analysis; (2) whether the petitioner relied on state cases which apply a constitutional analysis to similar facts; (3) whether the petitioner framed the claim in terms so particular as to call to mind a specific constitutional right; and (4) whether the petitioner alleged a pattern of facts that is well within the mainstream of constitutional litigation. *Wilson v. Briley*, 243 F.3d 325, 327 (7th Cir. 2001).

Considering the factors articulated in *Wilson*, Lee failed to fairly present his due process claims in state court. As to his claim regarding the admission of other acts evidence, Lee, who was represented by counsel before the Wisconsin Court of Appeals, did not rely on federal cases that engage in a constitutional analysis to challenge the admission of other acts evidence, nor did he rely on state cases that apply a constitutional analysis to similar facts. Rather, Lee argued that the trial court misapplied the three-step framework articulated by the Wisconsin Supreme Court in *State v. Sullivan*, 216 Wis. 2d 768, 576 N.W.2d 30 (1998) as relevant to the decision whether to admit other acts evidence. (Answer, Ex. 2, Docket # 9-2 at 14–19.) Specifically, Lee argued that under *Sullivan*, the trial court admitted evidence that was either irrelevant, redundant, or hearsay, and that the trial court improperly weighed the probative value of the evidence against the danger of unfair prejudice. While Lee did refer to a right to a fair trial and to due process, he ultimately challenged the trial court's erroneous

9

exercise of its discretion in violation of Wisconsin evidentiary law. Thus, Lee did not fairly present ground one as a federal constitutional claim in state court.

Lee's failure with respect to his claim regarding the jury instructions on the use of other acts evidence is even more evident. In arguing that the trial court's jury instructions on other acts evidence were contradictory and confusing, Lee did not rely on any case law, either federal or state. Lee simply argued that the jury instructions made it "impossible for the jury to actually properly consider the evidence" and as such, he was denied a fair trial. (Answer, Ex. 2, Docket # 9-2 at 28.) Accordingly, Lee did not fairly present ground two as a federal constitutional claim in state court.

For these reasons, Lee's first two grounds for relief are procedurally defaulted.

A habeas petitioner can overcome procedural default if he demonstrates both cause for and prejudice stemming from the default, or, alternatively, that the denial of relief will result in a miscarriage of justice. *Lewis*, 390 F.3d at 1026 (citing *Wainwright*, 433 U.S. at 86–87). Cause for default ordinarily requires a showing "that some type of external impediment prevented the petitioner from presenting his federal claim to the state courts." *Id.* (citing *Murray v. Carrier*, 477 U.S. 478, 495–96 (1986)). Prejudice, on the other hand, requires the petitioner to show that "the violation of [his] federal rights 'worked to his *actual* and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Id.* at 1026 (citing *United States v. Frady*, 456 U.S. 152, 170 (1982) (emphasis in original)). As for the miscarriage of justice exception, the petitioner must show that "he is actually innocent of the offense for which he was convicted, i.e., that no reasonable juror would have found

10

him guilty of the crime but for the error(s) that he attributed to the state court." *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 327–29 (1995)).

Lee does not attempt to establish that he meets either exception to the procedural default bar. Thus, Lee is not entitled to habeas relief on ground one or ground two.

2. *Ground Three*

In his remaining ground for relief, Lee argues that his sentence to forty years of initial confinement and twenty years of extended supervision was "unduly harsh and excessive." (Habeas Petition at 8.) Lee argues that the trial court erroneously exercised its discretion in sentencing him because it imposed the maximum sentence not only for the conduct alleged in the case at issue, but for his past sexual assault allegations as well. (Petitioner's Br. at 17.) The respondent contends that while Lee arguably alerted the court of appeals to an Eighth Amendment challenge of his sentence (Respondent's Br. at 16–17), his claim nevertheless fails on the merits (*id.* at 28–30).

The Eighth Amendment prohibits imposition of a sentence that is grossly disproportionate to the severity of the crime. *Solem v. Helm*, 463 U.S. 277, 288 (1983). In considering whether a sentence violates the Eighth Amendment, reviewing courts should "grant substantial deference to the broad authority that legislatures necessarily possess in determining the types and limits of punishments for crimes, as well as to the discretion that trial courts possess in sentencing convicted criminals." *Id.* at 290. Furthermore, "'in non-capital felony convictions, a particular offense that falls within legislatively prescribed limits will not be considered disproportionate unless the sentencing judge has abused his

11

discretion.'" *Henry v. Page*, 223 F.3d 477, 482 (7th Cir.2000) (quoting *United States v. Vasquez*, 966 F.2d 254, 261 (7th Cir. 1992)).

Lee has not presented Supreme Court authority indicating that the imposition of the maximum sentence for repeated sexual assault of a child constitutes cruel and unusual punishment. *See Bocian v. Godinez*, 101 F.3d 465, 473 (1996). Additionally, the court of appeals considered that in imposing the maximum sentence, the trial court judge considered factors such as the impact of the offense on the victim; Lee's "poor" character, criminal history, and failure to accept responsibility for his actions; and the strong need to protect the public. Thus, Lee has not shown that the court of appeals' determination that his sentence was not unduly harsh or excessive contravenes clearly established federal law. Accordingly, Lee is not entitled to habeas relief on this ground.

## CONCLUSION

Lee has not demonstrated that he is entitled to habeas relief on any of three alleged grounds. As such, his petition for a writ of habeas corpus is denied and the case is dismissed.

## CERTIFICATE OF APPEALABILITY

According to Rule 11(a) of the Rules Governing § 2254 Cases, the court must issue or deny a certificate of appealability "when it enters a final order adverse to the applicant." A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, the petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement

12

to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, and n.4).

Jurists of reason would not find it debatable that Lee is not entitled to habeas relief. Thus, I will deny Lee a certificate of appealability. Of course, Lee retains the right to seek a certificate of appealability from the Court of Appeals pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the petitioner's petition for a writ of habeas corpus (Docket # 1) is **DENIED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**.

**IT IS ALSO ORDERED** that a certificate of appealability shall not issue.

**FINALLY, IT IS ORDERED** that the Clerk of Court enter judgment accordingly.

Dated at Milwaukee, Wisconsin this 12th day of May, 2022.

BY THE COURT:

_____
NANCY JOSEPH
United States Magistrate Judge